UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                        File No.  1:05-CR-269

v.

                                        HON. ROBERT HOLMES BELL

DANIEL LAMONT DARDEN,

        Defendant.

                                       /

**O P I N I O N**

      This matter is before the Court on Defendant Daniel Lamont Darden's motion to suppress evidence obtained during a search of Defendant's residence on January 19, 2005. The search was conducted pursuant to a search warrant authorized by a state magistrate judge. Darden raises three arguments in support of his motion: 1) the affidavit supporting the search warrant was insufficient to support a finding of probable cause; 2) affiant included inaccurate information and intentionally mislead the magistrate judge; and 3) the information contained in the affidavit was stale. For the reasons that follow, Darden's motion is denied.

I.

      Defendant has been charged in a two-count indictment with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and with possession with intent to distribute a quantity of marijuana in violation of 21 U.S.C. § 841(a)(1).  On January 19, 2005, Deputy Lamar Brooks of the Kalamazoo County Sheriff's Department applied for a

warrant to search 3552 Comstock Village Lane, apartment #105 in Comstock Township, Michigan. Probable cause for the warrant was substantiated by Officer Brooks' affidavit attached to the search warrant. After setting forth Officer Brooks' law enforcement qualifications and previous experience with narcotics investigations, the affidavit stated:

- B. In 1-3-05, your affiant received a Silent Observer tip that indicated that Daniel Durden [sic] is dealing – usually carries a large amount of marijuana (1/4 lb) and crack. He works day shift and usually goes home after work. He is living in Comstock Village – building after 2nd drive to right. His car sits in front of the building and house (apt) number is 105.

- C. That on 1-6-05, your affiant received supplemental information from Silent Observer that Darden's vehicle is a Toyota Paseo, XXH741. The address in Comstock Village that he's at is 3552 (building) and apartment 105. He is dealing large quantities of marijuana – has 1/4 pounds on him usually. He has a friend "Omar" who is selling the crack cocaine – they work together.

- D. That on 1-19-05, Sgt. Buffenbarger of KVET [Kalamazoo Valley Enforcement Team] was conducting surveillance on 3552 Comstock Village #105 and observed two males leave the apartment and get into the above mentioned Toyota Paseo, XXH741.

- E. That on 1-19-05, officers conducted a traffic stop on the vehicle after leaving 3552 Comstock Village. The driver was identified as Daniel Darden. Darden initially denied living at 3552 Comstock Village #105, however later stated that he has been living there for the past couple of months. During a consent search of the vehicle, officers located marijuana on the floorboard on the driver's side of the vehicle. Darden admitted that the marijuana was his.

- F. Using a three-step Duquenois-Levine Reagent Test, your affiant placed a portion of the suspected marijuana into the tester and upon conducting the three-step test, your affiant received a positive result for the presence of marijuana.

> G. That while speaking with Darden during the traffic stop, your affiant [asked] Darden for consent to go back to the apartment to search the apartment. Darden stated he couldn't do that because he doesn't live there, nor does he have an apartment key.
>
> H. That your affiant ran Daniel Lamont Darden through LEIN and learned that:
>
>> 1. On 9/27/03, Daniel Darden was arrested for 4 counts of 5200 Attempt Felony Weapons Offense, and 4 counts of 3500 Attempt Misdemeanor Dangerous Drugs. On 11/20/03, Darden pled guilty to 1 count of Felony Weapons – Carrying Concealed and 1 count of Felony Controlled Substance – Delivery/Manufacture Marijuana.
>
> I. That while speaking with Darden during the traffic stop, Darden advised your affiant that he was on probation to Darlene England of Kalamazoo for Felony Drugs.

Exhibit 1, Jan. 19, 2005 Search Warrant, Govt. Res. Br. (Docket #18). A state magistrate judge reviewed the search warrant and accompanying affidavit and issued it on January 19, 2005. The search of the apartment yielded in excess of 400 grams of marijuana packaged in several plastic bags, several scales, cash, and other drug paraphernalia. A .357 revolver and 24 live rounds of .357 ammunition were also recovered. In this motion, Darden seeks to suppress the evidence found during the search.

## II.

At the outset the Court notes that Darden's motion to suppress was filed after the deadline for pretrial motions. According to the Initial Pretrial Conference Summary Order, Rule 12(b) motions were to be filed no later than three weeks from the date of pretrial conference summary order, unless by leave of court. Pretrial Conference Summary Order

3

(Docket #14). The pretrial conference summary order was signed by the attorneys and Magistrate Judge and entered on December 7, 2005. Thus, Darden had until December 28, 2005 to file his motion to suppress evidence. Darden, however, did not file his motion until January 4, 2005. In his motion, Darden did not provide any reason for the delay and, at no time prior to the filing of his motion, did he request an extension. For this reason alone, his motion is denied. *See* FED. R. CRIM. P. 12(e) ("A party waives any Rule 12(b)(3) defense, objection, or request not raised by the deadline the court sets under Rule 12(c) or by any extension the court provides. For good cause, the court may grant relief from the waiver."); *United States v. Obiukwu*, 17 F.3d 816, 819 (6th Cir. 1994); *United States v. Oldfield*, 859 F.2d 392, 396 (6th Cir. 1988).

Although Darden's motion is untimely, the Court has reviewed it and concludes that it is completely lacking in merit. Darden's first argument is that the search warrant did not contain sufficient information to support the magistrate judge's finding of probable cause. In reviewing the issuing judge's probable cause determination, the Court does not conduct a *de novo* review, but only reviews the sufficiency of the affidavit to determine "whether the magistrate judge had a substantial basis for finding that the affidavit established probable cause that evidence would be found at the place cited." *United States v. Woosley*, 361 F.3d 924, 926 (6th Cir. 2004) (quoting *United States v. Davidson*, 936 F.2d 856, 859 (6th Cir. 1991)). The issuing judge's probable cause determination is afforded great deference and

should only be reversed if arbitrarily made.  *United States v. Lattner*, 385 F.3d 947, 952 (6th Cir. 2004).

The Court must look at the totality of the circumstances in order to determine whether an affidavit is sufficient to support a finding of probable cause.  *United States v. May*, 399 F.3d 817, 822 (6th Cir. 2005) (citing *Illinois v. Gates*, 462 U.S. 213, 230 (1983)); *United States v. Greene*, 250 F.3d 471, 478 (6th Cir. 2001) ("[R]eview of an affidavit and search warrant should rely on a 'totality of the circumstances' determination, rather than a line-by-line scrutiny.").  Probable cause is defined as "'reasonable grounds for belief, supported by less than prima facie proof but more than mere suspicion,' and is said to exist 'when there is a fair probability,' given the totality of the circumstances, that contraband or evidence of a crime will be found in a particular place."  *Lattner*, 385 F.3d at 951 (quoting *United States v. Bennet*, 905 F.2d 931, 934 (6th Cir. 1990); *Davidson*, 936 F.2d at 859).

Darden focuses his argument on the inclusion of the two anonymous tips in the affidavit.  Darden contends that the tips were unsubstantiated and that the affidavit did not disclose any information about the tipster.  Darden is correct that an assessment of the "totality of the circumstances" includes evaluating the veracity, reliability, and basis of knowledge of an anonymous source.  *See, e.g., May*, 399 F.3d at 822  (quoting *Gates*, 462 U.S. at 230).  Moreover, Darden is also correct that the affidavit includes, little, if any, information from which the magistrate judge could assess the tipster's reliability, veracity, or basis of knowledge.  Consequently, standing alone, the anonymous tips would likely not

be sufficient to support a finding of probable cause. *See, e.g. United States v. Helton*, 314 F.3d 812, 820-23 (6th Cir. 2003) (discussing the "more stringent scrutiny" of an anonymous tip and ultimately concluding that probable cause was lacking because affidavit did not provide information regarding veracity, reliability and basis of knowledge of an anonymous tip). The affidavit, however, was not based solely upon the anonymous tips but also included substantial police corroboration. *See Gates*, 462 U.S. at 244-45 ("It is enough, for purposes of assessing probable cause, that 'corroboration through other sources of information reduced the chances of a reckless or prevaricating tale,' thus providing 'a substantial basis for crediting the hearsay.'") (quoting *Jones v. United States*, 362 U.S. 257, 269 (1960)); *Woosley*, 361 F.3d at 927 ("[A]n affidavit that supplies little information concerning an informant's reliability may support a finding of probable cause, under the totality of circumstances, if it includes sufficient corroborating information.").

Although it was less than probable cause, the anonymous tips gave police some level of articulable suspicion that criminal activity may be afoot and that Defendant may be involved. This suspicion, in turn, lead police to conduct surveillance upon Defendant's residence, which ultimately lead to corroboration of the anonymous tips. Officer Brooks' affidavit states that while conducting surveillance of Darden's apartment, police observed two males leave the apartment and get into an automobile that the anonymous tipster identified as Darden's car. The affidavit also explains that police then conducted a traffic stop and discovered that the driver was Darden and that he was living at 3552 Comstock

Village, Apartment #105. After obtaining consent to search the vehicle, police discovered marijuana. Police also learned that Darden had previously been convicted of a controlled substance offense. The surveillance and search of Darden's vehicle corroborated much of the information provided by the two anonymous tips. Taken together, the information contained in Officer Brooks' affidavit was sufficient to provide a substantial basis for finding probable cause.

Defendant next contends that Officer Brooks' affidavit contained inaccurate information and that Brooks intentionally misled the magistrate judge. Darden's argument rests on two statements in the affidavit: 1) that during the search of Darden's vehicle, "officers located marijuana on the floorboard on the driver's side of the vehicle," and 2) that Darden had previously been convicted of a felony concealed weapons charge. The Sixth Circuit has outlined the showing a defendant must make when he attempts to show that a search warrant affidavit contained false information:

> [T]he defendant must make a 'substantial preliminary showing that a false statement knowingly or intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause,' the court must conduct a hearing on the issue upon the defendant's request.

*United States v. Rodriguez-Suazo*, 346 F.3d 637, 648 (6th Cir. 2003) (quoting *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978)). Beyond making the accusation, Darden has not made any attempt to show that Officer Brooks intentionally or recklessly included a false statement in the affidavit. In fact, Darden's attempt to characterize Brooks' statement

7

regarding the marijuana discovered during the vehicle search as false is feeble at best. Darden does not dispute that police found marijuana in his car. Darden, however, contends that Brooks intentionally misled the magistrate judge by not including the quantity of marijuana discovered and by implying that the quantity found was large. This argument is untenable and is based upon a patently unreasonable reading of the affidavit. The affidavit truthfully discloses that police discovered marijuana during the search of Darden's car. The fact that it does not disclose the amount of marijuana discovered does not render the statement false. Further, the affidavit does not imply the amount of marijuana discovered, large or small.

Darden also contends that Brooks provided inaccurate information by stating that Darden pled guilty to a felony concealed weapons charge. The Government has conceded that this information was incorrect. Nevertheless, the inclusion of this information does not result in suppression because it was not necessary to the finding of probable cause. *See Franks*, 438 U.S. at 155-56 (holding that, in order to challenge the veracity of an affidavit, defendant must make a substantial preliminary showing that a false statement was knowingly, intentionally or recklessly included in the affidavit and that "*the allegedly false statement is necessary to the finding of probable cause*.") (emphasis added). As discussed above, Brooks' affidavit contained sufficient information to support a finding of probable cause, apart from the erroneous weapons conviction. The inaccurate information regarding the weapons charge

8

added little if anything to the finding of probable cause. Accordingly, Defendant's claim that false information was included in the affidavit is without merit.

Finally, Darden contends that the anonymous tips received on January 3 and 6, 2005 were stale by January 19, 2005. This argument is completely without merit. "The function of a staleness test in the search warrant context is not to create an arbitrary time limitation within which discovered facts must be presented to a magistrate." *United States v. Henson*, 848 F.2d 1374, 1382 (6th Cir. 1988). Rather, staleness depends on several factors including "the character of the crime (chance encounter in the night or regenerating conspiracy?), the criminal (nomadic or entrenched?), the thing to be seized (perishable and easily transferable or of enduring utility to its holder?), the place to be searched (mere criminal forum of convenience or secure operational base?)." *United States v. Spikes*, 158 F.3d 913, 923 (6th Cir. 1998). In this case, the crime of drug trafficking is ongoing, Defendant's location is established, the place to be searched was a secure operational base, and given the short time period between the tip and the issuance of the search warrant, the drugs were likely to still be in Darden's residence. *See United States v. Hammond*, 351 F.3d 765, 772 (6th Cir. 2003). Moreover, the fact that police corroborated the anonymous tips on the very day they applied for the search warrant clearly defeats the staleness claim. *See United States v. Henson*, 848 F.2d 1374, 1382 (6th Cir. 1988) ("[R]elated events covering a broad span of time continuing to the current period may furnish a most reliable indicia of present activity, thereby clearly demonstrating that probable cause exists."); *United States v. Greene*, 250 F.3d 471, 481 (6th

Cir. 2001) (concluding that evidence of ongoing criminal activity generally can defeat a staleness claim). Under these circumstances, the passage of a mere two weeks between receipt of the anonymous tips and the issuance of the search warrant did not render the information stale.

Accordingly, Defendant's motion to suppress evidence obtained during the January 19, 2005 search of his home is denied. An order will be entered consistent with this opinion.

Date:   January 12, 2006              /s/ Robert Holmes Bell
                                      ROBERT HOLMES BELL
                                      CHIEF UNITED STATES DISTRICT JUDGE